# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3213 | **DATE** | 5/25/12 |
| **CASE TITLE** | Guy Conti (M-21240) v. Terance Bruner, et al. | | |

**DOCKET ENTRY TEXT:**

The complaint is dismissed. The dismissal of the complaint shall not count as a strike under 28 U.S.C. § 1915(g). This case is closed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Guy Conti, currently incarcerated at Shawnee Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 against Wauconda Pharmacy, its head pharmacist Terance Bruner, and its insurer American Economy Insurance. Plaintiff seeks compensation for being shot by Bruner when Plaintiff was fleeing the store after having robbed it. Plaintiff states that, although he had knocked unconscious one of the other employees, no one was in danger at the time he was shot. He claims that the pharmacy should have better trained its employees as to how to behave during a robbery.

Under 28 U.S.C. § 1915A, this court must conduct a preliminary review of a complaint filed by a prisoner and dismiss it if it is frivolous or malicious, fails to state a claim upon which this court can grant relief, or seeks monetary relief from a defendant immune from such damages. It is clear from a review of the complaint that Plaintiff raises no federal claim and that there is no relief this court can grant. To state a civil rights claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law (a state actor) violated his constitutional or federal rights. An employee of a private store is not a state actor. *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896-98 (7th Cir. 2004) (security guard of a hospital who confined a person was not a state actor, even though he was a special officer); *Davis v. Union Nat. Bank*, 46 F.3d 24, 25-26 (7th Cir. 1994) (a call from a private person to a state officer for assistance does not constitute state action). Furthermore, because both Plaintiff and Defendants are residents of Illinois, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332. It is unclear whether Plaintiff can assert a claim in state court; however, it is clear that his claim does not belong in this court. Accordingly, this case is dismissed. Because it appears that Plaintiff initiated this suit in the wrong court, the dismissal shall not count as a strike under 28 U.S.C. § 1915(g).

Additionally, Plaintiff filed this case without pre-paying the $350 filing fee or submitting an *in forma pauperis* ("IFP") application to pay the fee in installments with monthly deductions from his prison trust fund account. Under the Prison Litigation Reform Act, all prisoners must pay the full $350 filing fee for each suit filed in federal court. *See* 28 U.S.C. § 1915(a). Although this court usually allows a plaintiff an opportunity to satisfy the filing fee requirement, in this case, where it appears that Plaintiff filed his case in the wrong court and it is clear that Plaintiff's claims cannot proceed in this court, allowing him to submit a completed application is unnecessary and would prolong this case and run counter to one of the purposes of the Prison Litigation Reform Act, which
**(continued)**

isk

| **STATEMENT (continued)** |
|---|
| seeks to reduce frivolous and meritless prisoner litigation. *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006) ("The PLRA's purpose is to reduce the quantity and improve the quality of prison suits"); *see also Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 906 (N.D. Ill. 2009) ("Congress passed the PLRA as part of an 'effort to address the large number of prisoner complaints filed in federal court' . . .The purpose behind the legislation was to reduce the number of suits brought by prisoners by separating meritorious claims from frivolous ones."), citing *Jones v. Bock*, 549 U.S. 199, 202 & 204 (2007).<br>  For the above stated reasons, the complaint is dismissed. This case is closed. This dismissal does not comment on the merits of Plaintiff's claims, should he seek to bring them in a court that can address them. |